IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

SAMUEL SCRENOCK, and all
others similarly situated,

      Plaintiff,

vs.                                   **Collective Action**

JOEYS NEW YORK PIZZA III LLC, a
Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

### I.     INTRODUCTION

1.     This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), to recover unpaid minimum wages and overtime on behalf of Plaintiff SAMUEL SCRENOCK (hereinafter "SCRENOCK"), and all others similarly-situated to him who were formerly, or are currently, employed as delivery drivers by Defendant JOEYS NEW YORK PIZZA III LLC (hereinafter referred to as "Defendants" or "JOEYS N.Y. PIZZA").

2.     Defendant employs these employees within the Middle District of Florida to perform various tasks in furtherance of the operation of their restaurants that they operate.

3.     Throughout the liability period, Defendant has owned and operated a restaurant known as JOEYS N.Y. PIZZA's, within the Middle District of Florida.

4.    Plaintiff worked for Defendant at its restaurant located in Palm Harbor, Florida from January 2, 2021 through April 17, 2021.

5.    Defendant repeatedly and willfully violated the Fair Labor Standards Act by improperly taking a tip credit from the wages of delivery drivers, and by failing to adequately reimburse delivery drivers for their delivery-related expenses, and thereby failing to pay delivery drivers the legally mandated minimum wage and overtime compensation.

6.    Defendant maintains a policy and practice of underpaying its delivery drivers in violation of the FLSA.

7.    All of Defendant's delivery drivers, including Plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to wages and reimbursement for out-of-pocket expenses.

8.    Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendant.

## II.    JURISDICTION

9.    This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.    VENUE

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conducts business within the Middle District of Florida.

## IV.   PARTIES

### Plaintiff SAMUEL SCRENOCK

11.   SCRENOCK was, at all material times, a resident of Pinellas County, Florida.

12.   SCRENOCK, at all material times, was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

13.   SCRENOCK has given written consent to join this action, which is incorporated in this Complaint.

### Defendant JOEYS NEW YORK PIZZA III LLC

14.   Defendant, JOEYS N.Y. PIZZA, is a Florida Limited Liability Company located in Pinellas county, Florida, and conducts business at its restaurant located at 30681 U.S. Highway 19 N, Palm Harbor, FL 34684, and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where SCRENOCK was employed.

15.   At all times material hereto, JOEYS N.Y. PIZZA'S PIZZA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

## V.   COLLECTIVE ACTION ALLEGATIONS

16.   Plaintiff brings this action on behalf of a collective described as:

**FLSA Collectives** – All current and former delivery drivers employed at Defendant's restaurant during the three years prior to the filing of this

Complaint and the date of final judgment in this matter, who elects to opt-in to this action.

17.     At all relevant times, Plaintiff, and the FLSA Collectives have been similarly situated, have had similar job duties, requirements, pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collectives minimum wages and correct overtime compensation. Plaintiff's claims are essentially the same as those of the FLSA Collectives.

18.     Defendant's unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collectives.

19.     Defendant is aware of should have been aware that federal law required them to pay employees a minimum wage and correct overtime compensation for all hours worked over 40 in a workweek.

20.     Defendant is aware or should have been aware that federal law required them to reimburse delivery drivers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

21.     Defendant is aware or should have been aware that federal law prohibited them from taking "kickbacks" from the wages of delivery drivers.

22.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

23.     Counts I and 2 are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

24.     The FLSA Collectives members are readily identifiable and ascertainable.

25.     Defendant employs delivery drivers who are primarily responsible for delivering pizzas and other food items to Defendant's customers' homes and workplaces.

26.     Plaintiff and similarly situated persons Plaintiff seeks to represent are current and former delivery drivers employed by Defendant.

27.     All delivery drivers employed by Defendant over the last three years have had essentially the same job duties – deliver pizza and other food items to customers.

28.     When there are no deliveries to make, Defendant's drivers are required to work inside the restaurant building pizza boxes, cleaning, preparing food, taking food orders and completing other tasks inside the restaurant as necessary. Plaintiff regularly spent more than one half of his scheduled shift inside the restaurant performing the non-tip producing duties described above.

29.     Throughout his employment, Defendant agreed to pay Plaintiff and similarly situated delivery drivers the minimum wage minus a tip credit for the hours they spent working inside the restaurant.

30.     Throughout his employment, Defendant agreed to pay Plaintiff and similarly situated delivery drivers the minimum wage minus a tip credit for the hours they spent making deliveries. Plaintiff was paid $5.63 for all hours worked.

31.     Defendant requires delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

32.     Defendant requires delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline,

automobile maintenance and part, insurance, and other expenses necessary for delivery drivers to complete their job duties.

33.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, and incurred cell phone and data charges for the primary benefit of the Defendant.

34.     At all times relevant, Plaintiff and other similarly situated delivery drivers at Defendant's restaurant were reimbursed a flat per delivery amount.

35.     Plaintiff and similarly situated delivery drivers were reimbursed $1.25 per delivery by the Defendant.

36.     At all times relevant, Defendant has failed to pay Plaintiff and similarly situated delivery drivers the legally required minimum wage and overtime wages because it failed to adequately reimburse them for their automobile expenses or other job-related expenses.

37.     Plaintiff and similarly situated drivers typically average approximately five miles per round-trip delivery.

38.     Plaintiff and similarly situated delivery drivers make up to 2-3 deliveries per hour.

39.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time period is:

    a.     2018 – 54.5 cents/mile
    b.     2019 – 58 cents/mile
    c.     2020 – 57.5 cents/mile
    d.     2021 – 56 cents/mile

40.     As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wage and overtime wages guaranteed to them by the FLSA.

41.     At all times relevant, Defendant applies the same pay policies, practices, and procedures to all delivery drivers at its restaurant, many of which work more than 40 hours per week.

42.     All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were paid a tip credit wage for all hours worked, spent approximately 50% of their time performing non-tip producing tasks inside the restaurant, were subject to the same reimbursement policy, received similar reimbursements, incurred similar automobile expenses, and completed deliveries of similar distances and at similar frequencies.

43.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, the Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

44.     Because the Defendant paid its drivers a gross hourly tip credit wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to the Defendant an amount sufficient to cause minimum wage violations.

45.     As a result, Defendant has willfully failed to pay the federally mandated minimum wage and overtime to Plaintiff and similarly situated delivery drivers at Defendant's restaurant.

## VI.   CAUSE OF ACTION

### Count I – Failure to Pay Minimum Wages – Fair Labor Standards Act

46.     Plaintiff restates and incorporates the foregoing allegations as if fully set forth herein.

47.     Plaintiff and the FLSA Collectives are or were non-exempt, hourly employees entitled to receive no less than a minimum wage for all hours worked.

48.     Defendant impermissibly took a tip credit from the wages of Plaintiff and the FLSA Collectives.

49.     Plaintiff and the FLSA Collectives worked in dual jobs – one in a tipped capacity (delivering food) and the other in a non-tipped capacity (working inside the restaurant).

50.     Defendant was not permitted to pay Plaintiff and the FLSA Collectives minimum wage minus a tip credit for their hours they worked inside the restaurant.

51.     Additionally, upon information and belief, Defendant did not provide Plaintiff and the FLSA Collectives with notice of the tip credit rules as required by 29 U.S.C. § 203(m) and 29 CFR § 516.4.

52.     Defendant required and continues to require Plaintiff and the FLSA Collectives to pay for automobile expenses, failed to reasonably calculate the value of said expenses, and failed to adequately reimburse Plaintiff and the FLSA Collectives for said expenses.

53.     By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collectives.

54.     Plaintiff and the FLSA Collectives have been damaged by Defendant's willful failure to pay minimum wages as required by law.

55.     As a result of Defendant's violations, Plaintiff and the FLSA Collectives are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs and reasonable attorney's fees.

### Count II – Failure to Pay Correct Overtime Wages – Fair Labor Standards Act

56.     Plaintiff restates and incorporates the foregoing allegations as if fully set forth herein.

57.     By virtue of Defendant's failure to pay the proper minimum wage, Defendant has also failed to pay Plaintiff and the FLSA Collectives correct overtime compensation.

58.     By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collectives.

59.     Plaintiff and the FLSA Collectives have been damaged by Defendant's willful failure to pay the correct minimum wages, and as a result, the correct overtime compensation as required by law.

60.     As a result of Defendant's violations, Plaintiff and the FLSA Collectives are entitled to damages, including, but not limited to, unpaid overtime, liquidated damages, costs and reasonable attorney's fees.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.      To authorize the issuance of notice at the earliest possible time to all JOEYS N.Y. PIZZA'S PIZZA hourly employees who were employed by Defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated (whether minimum wages or overtime) during the Liability Period;

B.      To declare that Defendant has violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206 and 207, as to the Plaintiff and persons similarly situated;

C.      To declare that Defendant's violations of the FLSA to be willful;

D.      To award Plaintiff, and other similarly situated current and former JOEYS N.Y. PIZZA'S PIZZA hourly employees, damages for the amount of the unpaid minimum wages, overtime wages and liquidated damages, subject to proof at trial;

E.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

F.      To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

G.      To award Plaintiff, and other similarly situated current and former JOEYS N.Y. PIZZA'S PIZZA hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## Jury Demand

Plaintiff demands trial by jury.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, SAMUEL SCRENOCK, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/SAMUEL SCRENOCK*
SAMUEL SCRENOCK

Dated: May 7, 2021
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*